CHRISTOPHER TOOLE, Assignee,

*vs.*

SAMUEL R. BEARCE, and another.

Penobscot.    Opinion January 5, 1898.

*Exceptions.    Rule XVIII.    Practice.    Instructions.*

When the presiding justice unqualifiedly allows a bill of exceptions which does not disclose that the exceptions were not seasonably noted, the presumption is that the exceptions were seasonably noted in accordance with the rule.

When the bill of exceptions does not affirmatively show that, but for the rulings excepted to, the finding of the jury might reasonably have been different, the excepting party does not show that he is aggrieved, and hence his exceptions must be overruled.

The presiding justice in his instructions may properly assume even a disputed proposition of fact to be established, if all the evidence thereon can lead to no other reasonable conclusion.

VOL. XCI.    14

Unless it appears from the bill of exceptions that there was substantial evidence against the proposition of fact assumed by the presiding justice to be established, the exceptions to such ruling or assumption must be overruled.

ON EXCEPTIONS BY DEFENDANTS.

This was an action on a contract to recover for certain granite claimed to have been delivered by the plaintiff's assignor to the defendants under a contract, and for damages for the breach of the contract by the defendants, and for prospective profits. The writ contains two counts. The first count sets out specifically a definite, certain and completed contract made between the parties. The second count is the ordinary omnibus count with specifications and quantum meruit. The defendants pleaded the general issue with a brief statement to the effect that the defendants attempted to enter into a contract with the plaintiff's assignor, one Cyrus F. Stackpole; but that in fact the contract was never actually entered into. The contract set out in the plaintiff's declaration provided that all measurements of said granite were to be made after it had been constructed into said walls, head-gates and other improvements. There was evidence tending to show that a certain amount of granite was delivered by the plaintiff's assignor at the Bangor Water Works pumping station, the place of the delivery specified in the contract set out. It was contended for the plaintiff that he was entitled to recover for the granite actually delivered, for that in process of delivery, and for damages for the defendants' breach of the contract, and for prospective profits.

It was contended for the defendants that no actual contract was ever entered into, and that if they were liable at all, they were liable only for such granite as had been actually delivered to them at the pumping station; and that in determining the amount of granite delivered for which they might be liable, the granite was to be measured not as if in the wall, but as it actually measured out of the wall; the point not being raised except as appears in the charge. There was evidence that the measurement of the stone would be some ten or fifteen per cent greater when measured in the wall than when measured roughly out of the wall. Upon this point the presiding justice instructed the jury as follows:

"In considering the agreements as to price $2.75 were to be paid for the dimension; and then you may add to that, if you please, either ten or fifteen per cent for the enlargement of it when measured in the wall, because the agreement of the parties was $2.75 measured in the wall and they all say it amounts to as much as ten per cent better when measured in the wall, than when measured roughly, and the defendants' witness estimated it about fifteen per cent."

To this ruling and instruction the defendants excepted.

There was a verdict of $826.49 for the plaintiff.

*G. H. Worster and P. G. White*, for plaintiff.

*D. J. McGillicuddy, F. A. Morey; J. F. Robinson*, for defendants.

SITTING: EMERY, HASKELL, WHITEHOUSE, WISWELL, SAVAGE, JJ.

EMERY, J. I. The plaintiff contends that this bill of exceptions should be rejected by the law court without consideration of its subject matter, because it is not affirmatively stated in the bill that the exception to the instruction complained of was noted before the jury retired with the case. He invokes Court Rule 18 and *McKown* v. *Powers*, 86 Maine, 295, in support of this contention.

It does not affirmatively appear, however, from the bill that the exception was not seasonably noted under the rule as expounded in the case cited. The presumption, therefore, is that it was seasonably noted. *Ellis* v. *Warren*, 35 Maine, 125. Frequently in the trial of a case it will be tacitly understood by the presiding justice and the parties that certain legal points are contested, and that any adverse ruling upon them is to be regarded as excepted to, without a formal noting on the record at the time. If the presiding justice signs a bill of exceptions without qualification or any intimation that the exception was not seasonably reserved, the law court will assume that he and the parties understood it to be seasonably reserved, and will proceed to consider the bill of excep-

tions if it be in proper form,—if the exceptions are presented in a "summary manner,"—that is, "stated separately, pointedly and concisely." *McKown* v. *Powers*, supra, p. 295. The statement in this bill makes the point of the exception sufficiently clear.

II. The plaintiff's assignor negotiated with the defendants for a contract to deliver to them certain stone for a wall. A written memorandum of such contract itself was drawn up but not signed, and the contract itself was found by the jury not to have been perfected. This memorandum specified the price per cubic yard, the measurement to be of the stone after it was placed in the wall. After the preparation of this memorandum and in expectation of its being signed and made a formal contract, the plaintiff's assignor actually delivered to the defendant some stone of the kind contemplated in the memorandum and at the place therein specified. This stone the defendants accepted. The stone was measured by the defendant in the heap before being placed in the wall, and it was admitted that the same stone in the wall would measure some ten or fifteen per cent more than it had measured in the heap.

The presiding justice practically told the jury that there was not sufficient evidence of the completion of the proposed contract, and the jury found that the stone had been accepted. The only other questions for the jury were the quantity and price of the stone actually delivered and accepted.

The presiding justice in his charge plainly and amply instructed the jury that the plaintiff could not recover upon the supposed contract, but only upon a quantum meruit, and that what was a reasonable price was a question for the jury to determine from the evidence. The written memorandum had been admitted in evidence upon this question of reasonable price, and it is not questioned that it was proper evidence to be considered by the jury. It does not appear from the bill of exceptions that there was any other evidence upon that question. It does not appear that during the trial the defendants questioned that the price named in the memorandum and based upon a measurement in the wall was a fair, reasonable price, in case the defendants had accepted the

stone. Indeed, the bill of exceptions seems to intimate affirmatively that the price was not disputed until the presiding justice delivered his charge.

Under these circumstances the presiding justice called the jury's attention to the price named in the memorandum as being based upon a measurement to be made in the wall, and to the undisputed fact that the delivered stone had only been measured in the heap; and to the further undisputed fact, that the same stone measured in the wall would measure ten or fifteen per cent more than in the heap. He then instructed them they could "if they pleased add [to the measurement in the heap] ten or fifteen per cent for the enlargement of it [the stone] when measured in the wall." The exception is to this instruction, and upon the ground that it took away from the jury more or less of the question of reasonable price.

It must be evident that the defendants do not show by their bill of exceptions that they were prejudiced by this instruction. They do not show that there was in the case any evidence from which a jury could have found a different price based upon any other measurement than that named in the memorandum. Unless there was such evidence we must assume that the jury would be governed by the only disclosed evidence, the memorandum. Upon that assumption it was clearly right to instruct them they could, when computing the entire amount to be paid, enlarge the measurement in the heap to its equivalent in the wall, according to the uncontradicted evidence.

It is lawful and often expedient for the presiding justice, in his instructions to the jury, to assume undisputed propositions of fact to be established, and even to assume disputed propositions of fact to be established, when all the evidence in regard to them can lead to no other reasonable conclusion. Such a course will often greatly simplify the issue and enable the jury to concentrate their attention more completely and effectually upon the real dispute to be determined by them. If a party feels aggrieved by such an assumption and wishes it set aside, he should show in his bill of exceptions, that there was, at least, some evidence against the

proposition assumed.   The excepting party is always held to show in his bill of exceptions that, but for the ruling complained of, the verdict or judgment might properly have been different.   If that does not appear, or if it does appear that in the end the judgment must be against the excepting party, it cannot be truly said that the excepting party has been prejudiced, and his exceptions must be overruled.

In this case had the instructions complained of been withheld, it does not appear that the jury could have adopted any other price or measurement.   Their duty was the same with or without the instructions.

*Exceptions overruled.*