People's National Bank *vs*. Hanover S. Nickerson.

Somerset.    Opinion August 4, 1911.

*Nonsuit. Directed Verdict. Writ of Entry. Declaration. Amendment. Review. Execution. Sheriff's Deed. Punctuation. Construction. Revised Statutes, chapter 78, sections 33, 36.*

1. When a nonsuit is ordered, or a verdict is directed, and exceptions are taken, all of the evidence necessarily becomes a part of the case on exceptions, whether it is mentioned in the bill of exceptions or not.

2. The burden is on the party who excepts to an order of nonsuit or the direction of a verdict to show that it was erroneous, and that it was erroneous cannot be determined without an examination of all of the evidence.

3. If the party excepting to an order of nonsuit, or the direction of a verdict, fails to present a transcript of all the evidence to the Law Court, his exceptions must be overruled, unless the omission is otherwise supplied.

4. When in a real action several, separate tracts of land are embraced in one count, the demandant may be allowed to amend by striking out one tract.

5. To support a sheriff's sale of land upon an execution, it is necessary to show, among other things, a valid judgment, upon which the execution issued. In this case, to support the plaintiff's title under an execution sale, formal proof of a judgment was not offered. But inasmuch as it appears that when the plaintiff was proceeding to prove a judgment, the

defendant's counsel interrupted saying; "I don't make any objection to that, the certificate on the back of the execution is to be the legal proof," and the plaintiff thereupon forebore to ask further questions, it is held that formal proof of a judgment was waived.

6.   It is not indispensable that a sheriff's deed should show what court rendered the judgment, nor at what term it was rendered nor its date, nor its amount, nor the date of the execution, nor that the execution was alive at the time of the sale. The deed, as evidence of title, may be aided and supplemented by the judgment, execution and officer's return.

7.   Punctuation, or the want of it, is not decisive in the construction of a deed; and it is considered that in the recital in a sheriff's deed, "having given notice in writing of the time and place of sale to the judgment debtors . . . . and having given public notice of the time and place of sale by posting up notifications thereof in a public place in the town of Pittsfield, and also by posting up notices thereof in one public place in each of the adjoining towns of Palmyra and Detroit thirty days before the time of sale," a fair construction requires that the words "thirty days" should be applied to all the notices.

8.   An officer may embrace in one deed several parcels of land sold separately on the same execution, at the same time and place to the same purchaser. And the record shows that that was what was done in this case.

On exceptions by defendant.   Overruled.

Writ of entry to recover certain real estate in Pittsfield.   Plea, the general issue.   At the conclusion of the evidence the presiding Justice ordered a verdict for the plaintiff and the defendant excepted to that ruling and also to other rulings made during the trial.   See *Bank* v. *Nickerson*, 106 Maine, 502.

The case is stated in the opinion.

*Johnson & Perkins*, for plaintiff.

*David D. Stewart*, for defendant.

SITTING:   WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

SAVAGE, J.   Writ of entry.   The writ contained one count, and described four separate tracts of land by metes and bounds.   Before proceeding to trial, the plaintiff, against the objection of the defendant, had leave to amend by striking out one of the tracts described. The defendant took an exception.   The plaintiff claimed title under an execution sale and sheriff's deed, and introduced in evidence,

subject to objection and exception, the execution and return thereon, and the deed. These will be noticed later. Other evidence was also admitted.

At the conclusion of the trial, the presiding Justice directed a verdict for the plaintiff, and the defendant excepted. And the case is now before us on all these exceptions.

Before considering the exceptions on their merits, we must first notice a question of practice. The case as made up and printed, and as first presented to this court, contained only the evidence which was specifically mentioned in the bill of exceptions. It was conceded at the argument that there was testimony which had not been printed. A transcript of this testimony was submitted to the court, and it was agreed by counsel that it should be considered as a part of the record in the case, if the court were of opinion that this testimony should have been printed as a part of the case originally. We are of that opinion. When a nonsuit is ordered, or a verdict is directed, and exceptions are taken, all of the evidence necessarily becomes a part of the case on exceptions, whether it is mentioned in the bill of exceptions or not. Such a ruling is based upon the entire evidence, and will stand unless it is shown to be erroneous. The burden is on the excepting party to show that it is erroneous, and that he is aggrieved. And it cannot be determined to be erroneous without an examination of all of the evidence. For it may be that the errors complained of are cured, or the omission supplied, by the evidence omitted in making up the case. In this case it would have been our duty to overrule the exception to the direction of a verdict, without further examination, had not the omission been remedied by the transcript submitted.

When this case was in this court before, 106 Maine, 502, the defendant complained because the plaintiff had embraced four separate tracts of land in one count, but the court held that the practice was allowable. He now complains that the plaintiff has been permitted to reduce the number from four to three by amendment. And this is the subject of his first exception. His contention, as stated in the brief of counsel, is that having alleged one joint disseizin of four tracts, he must prove it as alleged, or he must fail.

Of course, he must prove whatever he has alleged that is essential, but that does not mean necessarily that he must prove whatever was alleged in the original declaration, but rather what is alleged in the amended declaration, if it is amended.

Of the propriety of such an amendment there can be no question. To allow a plaintiff to diminish the extent of his claim in a real action, either in quantity or character, does not introduce a new cause of action. Such an amendment is allowed almost as a matter of course. *Plummer* v. *Walker*, 24 Maine, 14; *Howe* v. *Wildes*, 34 Maine, 566. There is no difference in principle between the allowance of such an amendment and permission to strike out items from an account annexed. Such permission has been granted times without number. *Fogg* v. *Greene*, 16 Maine, 282; *Wight* v. *Stiles*, 29 Maine, 164; *Towle* v. *Blake*, 38 Maine, 528; *Boyd* v. *Eaton*, 44 Maine, 51; *Monroe* v. *Thomas*, 61 Maine, 581; *Goodwin* v. *Clark*, 65 Maine, 280; *South Thomaston* v. *Friendship*, 95 Maine, 201. The defendant can take nothing by this exception.

The other exceptions relate to the admissibility and sufficiency of the proof of the plaintiff's title under the execution sale and deed, and may be considered together.

The defendant contends first, that, although an execution and return of sale and a sheriff's deed, such as it was, were introduced, there was no proof of any judgment, and that without proof of a valid judgment, the subsequent proceedings,—execution, return and deed,—however correct in form, were not sufficient to prove title. And such is the law. *Hill* v. *Reynolds*, 93 Maine, 25. And it is true that no judgment was proved. But upon examination of the transcript of evidence not printed, but which is now a part of the case, we find that the plaintiff had placed the clerk of the Supreme Judicial Court for Kennebec County upon the stand as a witness, with his book of records, and was proceeding, as we think we should assume, to prove a judgment by the record, when the defendant's counsel interrupted, saying, "I don't make any objection to that. The certificate on the back of the execution is to be the legal proof." Thereupon counsel for plaintiff forebore to ask further questions. We think that we should now hold that formal

proof of a judgment was thereby waived, and the defendant should not now be heard to say there was no proof of any judgment.

The defendant contends in the next place that the sheriff's deed was not "sufficient." The statute, R. S., ch. 78, sect. 36, provides that an officer selling land on an execution "shall make and deliver to the purchaser a sufficient deed thereof," but it does not specify what shall be the essentials of such a deed. It is contended that the deed in this case is not "sufficient" because it does not show what court rendered the judgment, nor at what term it was rendered, nor its date, nor its amount, nor the date of the execution, nor that the execution was alive at the time of the sale. If it be conceded that proof of all these particulars is necessary to establish a valid sale, it is not necessary that they be shown by the deed. In *Hill* v. *Reynolds*, 93 Maine, 25, a case singularly on all fours with this case in these respects, it was held that the deed, under a sheriff's sale, is not the only evidence of title; that standing alone it is not sufficient evidence. But the judgment, execution and officer's return, as well as the deed, are constituent elements of the evidence of title. It was decided in that case that the deed may be aided, if necessary, by the return. The deed in *Hill* v. *Reynolds* was lacking in the same particulars that this deed lacks. But upon full consideration it was held to be sufficient. The reasoning need not be repeated. That case is decisive of this one so far as these particulars are concerned.

It is contended further that it nowhere appears that the execution debtors had thirty days' notice of the sale, as required by statute. R. S., ch. 78, sect. 33. But it does appear distinctly in the return of the officer. But irrespective of that we think it appears sufficiently in the deed. And it is the deed which counsel attacks. Recitals in a sheriff's deed of his doings in giving notice of the sale are themselves evidence. *Cutting* v. *Harrington*, 104 Maine, 96. The language of the deed, so far as necessary to quote it, is "having given notice in writing of the time and place of sale to the judgment debtors in the execution hereinafter mentioned and having given public notice of the time and place of sale by posting up notifications thereof in a public place in the town of Pittsfield, and also

by posting up notices thereof in one public place in each of the adjoining towns of Palmyra and Detroit thirty days before the time of sale." The defendant urges that the words "thirty days" are applicable only to the notices posted in adjoining towns, and not to the notice given to the debtors. We think a fair construction requires that the words should be applied to all the notices. It was obviously so meant, and it should be so read. The comma after the word "Pittsfield" raises the only doubt. But punctuation, or the want of it, is not decisive in the construction of an instrument, or a statute even, if the meaning is clear. *State* v. *McNally*, 34 Maine, 210 ; *Palmyra* v. *Nichols*, 91 Maine, 17.

Lastly, it is contended that it appears "by the deed that four separate tracts of land, entirely distinct, acquired by the execution debtors at different times and from different grantors, were sold, uno flatu, for the round sum of $3751," a proceeding, so it is claimed, wholly forbidden by all the authorities. Without stopping to inquire or decide what would have been the effect if the sale in this case had been made in that manner, we may say that the record shows that the different parcels were sold separately, for separate prices. Even the deed itself is not necessarily to be construed as meaning that all of the parcels were sold together for a lump sum. The language, "I (the sheriff) . . . in consideration of the sum of $3751 paid by the said People's National Bank of Waterville, it being the highest bidder therefor, do hereby give, grant, bargain, sell and convey to it . . . . the following described pieces and parcels of land," would be equally true whether the parcels were sold together for $3751, or sold separately for prices aggregating $3751.

But the officer's return states that the parcels were in fact sold separately, for separate prices, which amounted in all to $3751. The return is evidence and aids the deed. *Hill* v. *Reynolds*, supra. We can conceive of no reason why an officer may not embrace in one deed several parcels of land sold separately on the same execution, at the same time and place, to the same purchaser. The cases cited by the defendant, *Stone* v. *Bartlett*, 46 Maine, 438 ; *Smith* v. *Dow*, 51 Maine, 21; *True* v. *Emery*, 67 Maine, 31, and

*Bartlett* v. *Stearns*, 73 Maine, 17, are not applicable. These cases related to sales of two or more equities of redemption at the time for a gross sum. That is not this case.

We conclude that none of the grounds taken in support of the exceptions are tenable. And the certificate must be,

*Exceptions overruled.*