ROBERT F. SHACKFORD

*vs.*

NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

Cumberland.    Opinion October 3, 1914.

*Burden of Proof.    Directing Verdict.    Exceptions.    Guy Wire.    Highway. Negligence.    Permit to Erect and Maintain Poles on Streets. Personal Injuries.    Reasonable Care.*

The plaintiff, having been injured by one of the defendant's guy wires, alleged to have been placed within the limits of a public way upon which the plaintiff was a traveler, it was necessary, in this case, to show, among other things, that the guy wire was within the limits of a public way.    The evidence does not show, nor would it authorize a jury to find, that the guy wire was placed within the limits of any way as located, or within the limits of any right of way acquired by the public by prescription.

On exceptions by plaintiff.    Exceptions overruled.

This is an action on the case to recover for personal injuries sustained by plaintiff on July 15, 1908.    Plea, general issue and brief statement of special matters in defense.    At the conclusion of the evidence, the presiding Justice directed a verdict for the defendant, and the plaintiff excepted to that direction.

The case is stated in the opinion.

*William Lyons,* for plaintiff.

*Payson & Virgin,* for defendant.

SITTING:  SAVAGE, C. J., CORNISH, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.   Action on the case to recover for personal injuries sustained by the plaintiff, July 15, 1908.   The writ is dated May 20, 1913.   At the conclusion of the evidence the presiding Justice directed a verdict for the defendant, and the case comes before this court on the plaintiff's exceptions to that direction.

In considering exceptions of this kind, it is not the province of the court to weigh conflicting evidence and ascertain its comparative value, but only to determine whether the evidence, considered most favorably for the plaintiff, would have warranted a verdict in his favor.   *Johnson* v. *N. Y., N. H. & H. R. R.*, 111 Maine, 263.

The plaintiff alleges that on the day of the accident he was driving southerly on the road from White Rock to South Windham, and that at a point in the road at the top of Ward's Hill in Gorham, while passing a standing automobile, his horse became frightened and shied, so that the off forward wheel of his wagon ran against and locked into a guy wire placed there by the defendant to sustain one of its poles, whereby he was violently thrown from the wagon and injured.   The guy wire was stretched from the top of the pole to the ground about six feet towards the traveled part of the road from the bottom of the pole.   The plaintiff further alleges that the pole and guy wire were within the limits of the road; and he contends that the bottom of the guy wire was placed so near the wrought or traveled part of the road as to constitute a dangerous obstruction to travel upon the road.

The defendant pleaded the general issue, and further, by way of brief statement, that pursuant to the provisions of Chap. 378 of the Public Laws of 1885, it had obtained, on June 1, 1895, a written permit from the selectmen of Gorham to erect and maintain poles and wires thereon upon all the streets and highways in Gorham, and that if the guy wire complained of was within the limits of the road on which the plaintiff was traveling, it was a legal structure, by virtue of the permit so obtained.

The statute referred to in the plea provided that no telephone company should "construct lines upon and along the highways and public roads of any city or town, without first obtaining a written permit, signed by the mayor and aldermen, or selectmen, specifying where the posts may be located, the kind of posts, and the height at which and the places where the wires may be run."   The case shows that the

selectmen of Gorham issued a permit to the defendant to "erect and maintain poles and wires thereon on all streets and highways in the town of Gorham."

We have no occasion now to pass upon the validity of this permit, but if we assume that it was sufficiently specific as to places where poles might be erected upon and along the roads and streets, the defendant should unquestionably be held to the exercise of reasonable care in so placing them within road limits as not unreasonably to interfere with the rights of travelers upon the road. The selectmen were vested with the power of prescribing the precise location of each pole and the necessary sustaining structure like a guy, and a pole and guy placed as so prescribed would, without any question, be a legal structure, and the defendant would not be liable for the consequences of maintaining it as prescribed. But where as in this case the permit was general, and the location of poles not specific, the company erecting the poles would be bound to exercise reasonable care in selecting places so as not unreasonably to obstruct public travel. And in this case, assuming that the guy complained of was within the limits of the road, it was a question for the jury to say whether the defendant had exercised reasonable care and judgment in placing the guy where it was. A verdict for the defendant should not have been directed on that ground.

But the plaintiff's right to recover, if he may be entitled to a verdict in other respects, depends in the end upon whether the guy wire was within the road or without it. If the guy was within the road, or if upon the evidence a jury would have been warranted in so finding, then the direction of a verdict for the defendant was erroneous. In such a case the question of liability is for the jury under proper instructions. But if the guy was outside the road limits, upon private property, or if a jury would not have been warranted in finding that it was within the road limits, then, under the circumstances of this case, the plaintiff is not entitled to a verdict. If the defendant is liable at all, it is because he has interfered with the rights of the plaintiff as a traveler upon the road. This is conceded, and requires no discussion.

The burden was on the plaintiff, then, to show that the guy was within the road limits. He introduced evidence which the jury might believe, that the bottom of the guy was placed within about two feet outside of the traveled or wrought part of the road. We

think it cannot be said that it was within two feet of the direct line of travel up and down the road, but of the line of travel widened as it may have been at that point by the intersection of a cross road. He also introduced evidence of other features in the situation, such as the ditch by the side of the road and so forth. Some of that evidence is disputed.

The plaintiff offered no evidence of the original location of the road, but seems to have relied upon such inferences as to road lines as might be drawn from the location of the wrought portion of the road with respect to the guy, and from general appearances. And as to general appearances, it may be said that there is little or nothing at this point, outside of the traveled part of the road, to indicate where the road lines are. There are no fences by the road side. There are no monuments of any kind. There are no physical aspects which help to decide the question. The adjacent field extends in appearance to the shoulder of the road ditch. Northerly of the point in question there are or have been fences on both sides of the road, but it is not shown whether their location would, or not, throw any light upon the location of the road lines at the point of the accident.

The defendant contends that in fact the guy was placed 2.7 feet outside the road limit, and on private property. It produced at the trial the record of the original laying out of the road by metes and courses, by the selectmen of Gorham in 1820. It has surveyed and retraced, as it claims, the lines of the original location, and its engineers testified that their survey shows that the original road line was, as we have stated, 2.7 feet inside of the guy, and thus that the guy is excluded from the road. But they also testified that they depended upon the statements of men, subject to the defects of human memory, for the location of certain monuments not now in existence, that some lines had to be shortened and others lengthened to fit the supposed termini of the lines as located; that some courses had to be changed for the same reason; and that the variation of the compass seemed to be uneven, less in some places than in others. All this seems to indicate that either the original survey or the one made by the defendant's engineers is inaccurate. And it is more likely that this is true of the former. *Magoon* v. *Davis*, 84 Maine, 178. The engineers also testified that in some places they found the wrought or traveled road outside the location on one side, and in some places

on the other, which indicates that the position of the wrought road is no certain evidence of where the side lines of the location are.

But without further discussion of the defendant's survey, we will say that we do not think that even an admittedly accurate resurvey of the old line, as recorded, nearly four miles long, as this was, with the conditions and results already named, imports such an absolute verity as to the original line of the road as actually laid out, within 2.7 feet, as would justify the court in taking the question from the jury, if there were any credible evidence opposed to it. In this case there is no such evidence. The plaintiff does not admit the correctness of the defendant's survey, but he does not show wherein it is wrong in any respect. And we think that if the public right, which includes the plaintiff's right, depends upon showing that the guy was within the road lines as located in 1820, the plaintiff cannot maintain this action. With all its imperfections, the evidence of the original location, unexplained, and without modification, is too certain to be disregarded by court or jury.

But the plaintiff says that the limits of the original location afford no certain criterion of the limits of the plaintiff's rights. He says, and it is true, that a public way may be proved by prescription or dedication. *Com.* v. *Old Colony & F. R. R. Co.*, 14 Gray, 93. And where there is a located way as in this case, its limits may be enlarged by prescriptive use. The public may appropriate by use land-adjoining an existing highway. It may widen the road by prescription. But the prescriptive rights of the public extend only as far as they have used the land prescriptively. Not only has the plaintiff failed to show that the guy was within the limits of the road as originally laid out, but he has not shown that it was within the limits of any land acquired by the public by prescription, if any such there is. The testimony introduced by the plaintiff himself shows that the guy was about two feet outside of the line of public travel, and so outside of any rights which the public may have acquired by prescription. In no respect of the case has the plaintiff sustained the burden of showing that the guy was within the limits of the public way. The direction of a verdict for the defendant was right.

*Exceptions overruled.*