AMERICAN SARDINE COMPANY

*vs.*

KORNELIUS OLSEN

and

FRONTIER NATIONAL BANK, Trustee.

Washington.     Opinion December 13, 1917.

*Bills of exceptions.   Rule as to what is necessary to allege in order to constitute a valid
bill of exceptions.   Right of an attorney to enter a general appearance for
defendant and thereby bind party for whom he purports to act.   Rule
as to permitting party to action to prove by parol that the
attorney representing him has no such authority.*

This case comes up on exceptions stated as follows:   "This is an action for breach
of contract.   Writ dated November 2, 1915.   Entered at the January Term,
A. D. 1916.   Service made on defendant March 23rd, A. D. 1916.   Reed V.
Jewett made a general appearance as attorney for defendant on the 10th day of
the May Term, 1916, and continued the case to the October Term, A. D. 1916."

At the October Term, 1916, Reed V. Jewett moved the court for leave to with-
draw his appearance as attorney for defendant.

The court allowed his motion to which exception was taken.   The writ, a copy of
the docket entries, the petition of claimant to appear, letters and telegrams on
file are made a part of the exceptions.   The letter was as follows:

"Co. New York, N. Y., May 11th.

Reed V. Jewett, Calais, Maine.

Writ of attachment was served in Norway March twenty-third in American
Sardine Co. against Kornelius Olsen returnable at Calais second Tuesday,
May defendant is my client just received all correspondence re matter are you
in position to handle action at Calais will write particulars wire collect immedi-
ately.

T. L. ANGDON THOMPSON,
No. 27 William Street, New York City"

So far as the exceptions show, the claimant's motion for withdrawal involved pure
questions of fact.

*Held:*

(1). An exception to be valid must raise a question of law.

(2). If it calls in question the interpretation of a written document it must specify in what regard.

(3). That a bill of exceptions to be available must show clearly and distinctly that the ruling excepted to was not upon a question in which law and fact are so blended as to render it impossible to tell on which the adverse ruling was based.

(4). That whether authority is given an attorney to appear generally, is a question of fact.

(5). That whether delay in invoking a right is unreasonable and thereby amounts to a ratification, is a question of fact unless only one inference can be drawn from the evidence.

(6). That the ruling of the presiding Justice in favor of the claimant was warranted by the evidence.

Action for breach of contract with trustee process, principal defendant being a non-resident of the State. Appearance was entered for principal defendant. At a later term the same attorney filed motion to withdraw his appearance as attorney for defendant. Motion was allowed by presiding Justice; to which ruling plaintiff filed exceptions. Judgment in accordance with opinion.

Case stated in opinion.

*E. W. Pike, and H. H. Gray,* for plaintiff.

*R. V. Jewett, and L. H. Newcomb,* for defendants.

SITTING: CORNISH, C. J., SPEAR, KING, MADIGAN, JJ.

SPEAR, J. This case comes up on exceptions. It is an action for breach of contract upon the alleged failure of the defendant to deliver to the plaintiff 1500 cases of sardines. The case arises upon the following facts: Kornelius Olsen, the defendant, shipped 500 cases of sardines to the American Sardine Company, the plaintiff, at Eastport, Maine, on the 12th day of October, 1915, invoiced at $2,904.85, and drew on the sardine company for $2,957.63, the amount of the draft including insurance. The defendant on the same day discounted the draft at Stavanger Handels og Industribank of Norway, receiving the full amount due thereon. The draft was then forwarded in due course of business, passing through several banks until it arrived at the Frontier National Bank of Eastport, where it was paid.

This payment, remaining on deposit, is claimed under trustee process by the plaintiff as the funds of the defendant and by the Norway bank by virtue of an alleged assignment of the draft when it was discounted and the proceeds paid to the defendant. The alleged assignment was made before the service of the trustee writ.

The plaintiff's first exception is as follows:

"This is an action for breach of contract. Writ dated November 2, 1915. Entered at the January Term, A. D. 1916, and order of notice on defendant a resident of a foreign country at January Term, A. D. 1916. Service made on defendant March 23rd, A. D. 1916. Reed V. Jewett made a general appearance as attorney for defendant on the 10th day of the May Term, 1916, and continued the case to the October Term, A. D. 1916. Stavanger Handels og Industribank appeared as claimant for funds trusteed at the October Term, A. D. 1916.

"At the said October Term, A. D. 1916, Reed V. Jewett moved the Court for leave to withdraw his appearance as attorney for defendant.

"The Court allowed his motion pro forma, from which ruling plaintiff took exceptions and prays that its exceptions may be allowed and that the motion to withdraw, the writ, a copy of the docket entries of said Court, the petition of claimant to appear, the letters and telegrams on file, viz: Dispatch from T. Langland Thompson to Reed V. Jewett dated May 11, 1916, dispatch from Reed V. Jewett to T. Langland Thompson dated May 12, 1916, letter from T. Langland Thompson to Reed V. Jewett dated July 7, 1916, be made a part hereof." The dispatch of May 11th was as follows:

"Co. New York, N. Y. May 11th

Reed V. Jewett, Calais, Maine.

Writ of attachment was served in Norway March twenty-third in American Sardine Co. against Kornelius Olsen returnable at Calais second Tuesday May defendant is my client have just received all correspondence re matter are you in position to handle action at Calais will write particulars wire collect immediately.

T. L. Angdon Thompson,
27 William Street, New York City."

So far as the exceptions show, the granting of Jewett's motion for withdrawal involved pure questions of fact. The papers, letters and telegrams are made a part of the exceptions but the legal interpretation of any of these documents is not called in question by the exceptions. An exception to be valid must raise a question of law. If it calls in question the interpretation of a written document it must specify in what regard. In the case before us the exceptions do not submit the question, whether the letter of instructions sent to Jewett must be regarded, as a matter of law, as an instruction to appear generally or otherwise, but refers to the letter as a document tending to prove or disprove whether such instructions were given, leaving the presiding Justice to decide both the legal interpretation and the evidential value of the letter.

*Sarouche* v. *Despeaux*, 90 Maine, 178, is a case in which the court was asked to rule as a matter of law that a mortgage covered a soda fountain. The court had already found as a matter of fact that the soda fountain at the date of the mortgage was the property of a third party, was not intended to be covered by the mortgage, and declined to rule as requested. Exceptions then state: "To the foregoing rules in matters of law the defendant excepted. The court: 'We search this bill of exceptions in vain for rulings in matters of law. Of course, the decision of the cause involved questions of law as well as questions of fact. Every cause does. But we look in vain for any such distinct ruling on a question of law as could furnish a basis for a valid bill of exceptions.' " Whether the interpretation of the mortgage is raised does not appear. The court then lays down this rule: "Exceptions lie to rulings upon questions of law only and not to findings upon questions of fact. And a bill of exceptions, to be available, must show clearly and distinctly that the ruling excepted to was upon a point of law, and not upon a question of fact; nor upon a question in which law and fact are so blended as to render it impossible to tell on which the adverse ruling was based."

The cases show, that whether authority is given an attorney to appear generally, is a question of fact.

In *Budrutha et als.* v. *Goodrich*, 3 Gray, 508, the Justice says in his decision: "But there is another question here, and that is, whether the defendant is conclusively bound by the entry of the name of an attorney on the docket, purporting to be an appearance for him although it is true and susceptible of proof, that such entry was made

by the accident or mistake of the attorney, or that, through some false and fraudulent representation made to the attorney or other cause, in fact the attorney was never authorized to enter such appearance.

"It would certainly be very strange if an inhabitant of another State could thus be bound by a jurisdiction without any act or default of such party."

*McNamara* v. *Carr*, 84 Maine, 302-3, holds that want of authority to appear may be found by parol.    "But two objections are stated to the maintenance of the right to review on the part of the petitioner. One is that he did not commence his petition for review in season. The other is that an attorney at law appeared for the defendant in that action and continued to act as his attorney until judgment was rendered.    And it is claimed that it is not competent for the petitioner to prove that Mr. Pierce appeared without his knowledge and authority.    But in such a case we think it well settled that the party for whom the appearance was made may prove by parol that it was without his knowledge or authority, and if the fact is established the appearance can in no way legally affect him."

The defendant also claims in its argument that even if the letter did not authorize Jewett to appear generally, the fact that he did so appear, and notified the general counsel of the defendant in New York to that effect, several months before the filing of his motion to withdraw, should be regarded as a ratification by the general counsel of his general appearance.    But this presented a question of fact. "When the principal is informed of what has been done he must dissent, and give notice of it in a reasonable time, and if he does not his assent and ratification will be presumed."    2 Kent, 616.    Whether delay in revoking a right is unreasonable, and thereby amounts to a ratification, is a question of fact unless only one inference can be drawn from the evidence.    *Viele* v. *Curtis*, 116 Maine, 328; 101, Atl. Rep., 966.    The decision found the delay not unreasonable.    "Reasonableness" is a question of fact.

Accordingly, these exceptions cannot be sustained, as clearly appears.    "In cases heard by a judge without intervention of jury, by agreement, his findings of fact are conclusive."    *Frank* v. *Mallett*, 92 Maine, 79, and numerous other Maine cases.    *Prescott* v. *Winthrop*, 101 Maine, 236, is a case involving adverse title against a deed. The case was heard without a jury.    The presiding Justice found

against the deed. The court say: "We are not required, however, to consider the force and effect of this evidence since that question was solely for the Justice hearing the case and his decision thereon is not subject to exception. The right of exception is limited to rulings upon questions of law."

It may be proper, however, to here note that a legal construction of the letter of instructions to Mr. Jewett does not warrant the conclusion that he was authorized to appear generally. The ruling of the presiding Justice was right both upon the interpretation of the letter and its evidential value.

The plaintiff states its second exception as follows:

"Trustee filed its disclosure in the above entitled action and the Stavanger Handals og Industribank appeared as claimant of the fund disclosed by the trustee.

Depositions were then taken by claimant and a hearing had at this term of said Court. The Justice presiding ruled that the claimant be allowed the funds in the hands of said trustee and the trustee be discharged, to which ruling the plaintiff excepts and prays that his exceptions be allowed and the allegations and pleadings of claimant, admissions of both parties, so much of the disclosure as shows the amount due and how the funds come into its hands and said depositions be made a part of these exceptions and that the original depositions go forward with the case without printing.

By agreement of counsel these exceptions are to be printed and argued, considered and determined with the exceptions already taken on another branch of above entitled case."

The only question put in issue here is, whether the draft was discounted in good faith by the defendant, Kornelius Olsen, and whether the Norway bank became a bona fide holder for value before maturity for a sufficient consideration or whether the Norway bank was merely an agent for the defendant for collection of the draft so that the title to the draft and the proceeds thereof belonged to Olsen and not the bank. As shown by the exceptions the presiding Justice found in favor of the claimant.

We think the finding was warranted by the evidence and must be sustained.

*Exceptions overruled.*