FANNIE R. FELTIS, et als

*vs.*

LINCOLN COUNTY POWER COMPANY.

Lincoln.    Opinion March 26, 1921.

*A bill of exceptions must contain enough to determine that the rulings excepted to are erroneous and prejudicial. Such papers only as are made a part of the bill can be considered. When requested instructions are framed on hypotheses based on the existence or absence of certain facts, it must appear in the bill of exceptions whether such facts were present or absent in the case.*

An excepting party to obtain any benefit from his exceptions must set forth enough in his bill of exceptions to determine that the points raised are material and the rulings excepted to are erroneous and prejudicial.

The court cannot consider papers printed with the bill of exceptions but not made a part of it by express reference.

The requested instructions in this case were framed on hypotheses based on the existence or absence of certain facts, but it does not appear from the bill of exceptions whether the facts on which the hypotheses are based were present or absent in the case. Hence the court cannot determine whether the requested instructions were applicable to the case or their refusal was prejudicial to the defendant.

For the same reasons it does not appear that the refusal to direct a verdict for the defendant was erroneous.

On exceptions by defendant. This is a common law action of trespass for flowage. Plea, the general issue. A verdict of two hundred and twelve dollars and fifty cents for the plaintiff was rendered by a jury. The case was taken to the Law Court on exceptions to the refusal of the presiding Justice to give certain instructions, and a refusal to direct a verdict for the defendant. Exceptions overruled.

Case stated in the opinion.

*A. S. Littlefield*, for plaintiff.

*George A. Cowan*, for defendant.

SITTING:   CORNISH, C. J., PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J.   This case comes before the court on exceptions to the refusal of the presiding Justice to give certain instructions, and a refusal to direct a verdict for the defendant.   The exceptions must be overruled.

It has been repeatedly said by this court "that the excepting party, if he would obtain any benefit from his exceptions must set forth enough in the *bill of exceptions* to enable the court to determine that the points raised are material and the rulings excepted to are erroneous and prejudicial.   The bill of exceptions must show what the issue was and how the excepting party was aggrieved.   Error must appear affirmatively."   *Jones* v. *Jones*, 101 Maine, 447, 450..

The bill of exceptions in this case merely opens with the statement that the action was one for flowage of land and that the declaration did not allege that the dam was maintained without right and no proof was offered that it was.   No other statement of facts appears in the bill of exceptions.   The writ is printed with the bill, but is not made a part of it, hence the court cannot consider it.   "The bill must be strong enough to stand alone.   This court in considering exceptions cannot travel outside the bill itself."   *Jones* v. *Jones, supra.*

Each requested instruction was framed on some hypothesis based on the existence or absence of certain facts, but it does not appear from the bill of exceptions, whether the facts on which the several hypotheses were based were present or absent in the case, or if they were, that their presence or absence had any bearing on the issue between the parties.   Hence it does not appear whether the requested instructions were applicable to the case or their refusal was prejudicial to the defendant.   *Neal* v. *Randall*, 100 Maine, 574. Neither does it appear that instructions fully covering the points involved in the defendant's requested instructions were not given in another form by the presiding Justice.   If so the defendant would not be prejudiced by a refusal to give them in the form requested.

For the same reasons the refusal to direct a verdict for the defendant does not appear to have been erroneous.   From the defendant's brief, it appears that his contention in this respect is that the plain-

tiff's remedy was under the Mill Act, so called, but nothing in the bill of exceptions discloses that a mill-dam was the cause of the injuries suffered by the plaintiffs.

*Exceptions overruled.*