LUCIUS R. WILLIAMS *vs.* FREDERICK A. SWEET.

York.    Opinion February 7, 1922.

*The whole record becomes a part of the case upon exceptions to a directed verdict, though the bill itself embraces but a part of the record. A verdict should be directed where a verdict contrary to the one ordered would not be warranted by the evidence, hence unsustainable. A plea of non assumpsit puts in issue every fact alleged in declaration which plaintiff must prove in order to recover.*

Exceptions to a directed verdict necessarily bring up the whole record, though the bill itself is mute upon the particular point, or perchance in summarizing it speaks in this regard with inexactness.

The province of a jury is to decide debatable questions of fact. Where, from all the facts, a single conclusion only would be consistently sustainable, the returning of a verdict proper to the circumstances should be directed.

A plea of non assumpsit puts in issue every fact included within the allegations of the declaration, incumbent on the plaintiff to prove in order to recover.

On exceptions. This is an action on an alleged contract to recover for board of defendant, his wife, her mother and sister at plaintiff's summer hotel called Colonial Inn, situated at Ogunquit, for two weeks

at eighty dollars per week. The action was tried in the Supreme Judicial Court for York County, and at the close of the evidence on motion by defendant the presiding Justice directed a verdict in his favor, and plaintiff excepted. Plaintiff also took exceptions to a ruling on the admissibility of testimony. Exceptions overruled.

The case is stated sufficiently in the opinion.

*Ray P. Hanscom, and Leroy Haley,* for plaintiff.

*E. P. Spinney,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J., did not participate.

DUNN, J. A considerable page could quite easily be filled with detail of this case, but the narration would contribute to no especially useful purpose. On a former reviewal a verdict for the plaintiff was set aside and a new trial granted. 119 Maine, 228. Another trial has been had. This time the verdict is for the defendant, by direction of the presiding Judge. The plaintiff has vainly striven, in arguing an exception that he reserved, to attribute the unhappy outcome of his case in the court below to the final ruling which was there made. Exceptions to a directed verdict necessarily bring up the whole record. In such cases the complete record is embodied as part of the case, though the bill itself is mute upon the particular point, or perchance in summarizing it speaks in this regard with an inexactness not at first appreciated. Fundamental in a record is the writ. It furnishes the basis for the introduction of evidence. Determination that this kind of a complained-of ruling is erroneous cannot be made without an examination of all the evidence. *People's Bank* v. *Nickerson,* 108 Maine, 341; *Austin* v. *Baker,* 112 Maine, 267. And an examination of all the evidence contemplates the scrutiny of its resting place. An inspection of the original writ sued out here shows it to contain but a single count, and that one for the breach of a simple contract for board and lodging at the plaintiff's hotel. Insistence that the writ contains additionally an omnibus count utterly wants support. There is none; nor was there when the writ was served. The bill says otherwise, by mistake. But the accompanying record is inerrable. So is the situation as it awaits attention.

The territory of evidence is broader now in its expanse than it was before. Still, when laid out and measured, there is a lack of additive probative force, except in tendency to mark the defendant's vantage grounds even more perspicuously. The province of a jury is to decide debatable questions of fact. Where, from all the facts, it is manifest that a single conclusion only would be consistently sustainable, the canon of the law imports the duty that the sitting Justice shall instruct the returning of a verdict proper to the circumstances. The reason is in the principle that prevention is better than cure. *Heath* v. *Jaquith,* 68 Maine, 433; *Jewell* v. *Gagne,* 82 Maine, 430; *Coleman* v. *Lord,* 96 Maine, 192; *Reed* v. *Reed,* 113 Maine, 522; *Royal* v. *Bar Harbor Water Company,* 114 Maine, 220.

Another exception, noted first in the order of events but argued secondly, questions the admissibility, in view of the state of the pleadings, of the evidence touching non-performance by the plaintiff of his contract. There is absence of necessity for extended comment. A plea of non assumpsit was filed and joined. This put in issue every fact included within the allegations of the declaration, incumbent on the plaintiff to prove in order to recover. Every defense, either in law or in fact upon the merits, was thus made available to the defendant. *Gordan* v. *Peirce,* 11 Maine, 213; Chitty on Pleading, 16 Am. Ed. 489, 493; 31 Cyc., 190. In actions of contract it is affirmative defenses,—defenses going to the avoidance of the plaintiff's cause of action,—such as the statute of limitations, tender, set-off, bankruptcy or insolvency, and the statute of frauds that must be set up, either specially or by way of brief statement.

*Both exceptions overruled.*