## ISAAC BERLIAWSKY *vs.* CHARLES E. BURCH ET AL.

### Knox.    Opinion November 3, 1926.

*The question of the financial standing of accommodation makers is one of fact for the jury.*

*The rule governing the admission of shop books is not to be disregarded merely for the purpose of corroboration of a party to the suit.*

*An excepting party, in order to sustain his exceptions, must show that the matters excepted to were prejudicial to his interest.*

In the instant case the checks could not be found but the plaintiff admitted that the defendants paid interest on the note, by check, and the defendants admit that the stubs showed payments of interest on the note, the exclusion of these stubs, even if admissible under some circumstances which we do not find applicable to the case at bar, was not prejudicial to the defendants.

The case involves primarily these issues of fact; first, whether or not the note in suit was an accommodation note; second, whether or not it had been paid by giving a renewal note. The note in suit was not produced at the trial and the evidence is practically conclusive that it was lost. Upon these issues, and others, some of which are collateral, the jury found for the plaintiff, and it does not appear that the jury was clearly wrong in its conclusions.

On exceptions and general motion. An action in assumpsit on a promissory note. The general issue was pleaded with a brief statement alleging that the note was an accommodation note and also that it had been paid by giving a renewal note. Verdict for the plaintiff. Exceptions were taken to the admission of certain evidence and a general motion for a new trial was also filed. Motion and exceptions overruled.

The case appears in the opinion

*R. I. Thompson and F. A. Tirrell, Jr.,* for plaintiff.

*Frank H. Ingraham,* for defendants.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, JJ., MORRILL, A. R. J.

PHILBROOK, J.    This is an action in assumpsit to recover on a promissory note which the plaintiff alleges was given him by the

defendants, bearing date of July 10, 1922, the amount being six hundred dollars, with interest at seven per cent. until paid, payment of note and interest to be made within six months from its date.

In addition to the plea of general issue the defendants, by way of brief statement, declare that the note was given without value received, and for the purpose of lending their names to the plaintiff, and that the plaintiff agreed to take care of the note when due; also that one of the defendants, Charles E. Burch, previously had the use of a certain automobile, the purchase price of which the plaintiff had paid, and it was arranged that the defendants should pay the plaintiff therefor, which they did, subsequently to the making and delivery of the note in suit, it being then and there understood and agreed that payments should be made on said car from time to time and said defendant Charles E. Burch then and there as a part of the same transaction, made over and assigned to the plaintiff his interest in a certain mechanical base ball game invention, or his interest in the letters patent or his patent rights therein, as security, to be reassigned to said defendant, Charles E. Burch, or canceled, on payment of said indebtedness; also that said promissory note was paid in full on August first, 1925, by a new promissory note of that date signed by said defendants, at said Rockland, promising to pay the plaintiff, or his order, the principal sum of six hundred dollars, on demand, with interest at seven per cent. per annum, payable semi-annually until fully paid, suit on which new note is now pending in this court.

The jury returned a verdict for the plaintiff in the sum of $694.50 and the defendants bring the case to this court on exceptions and general motion for a new trial

THE EXCEPTIONS:

The first exception was to the admission of a question propounded to Mrs. Burch, one of the defendants, by plaintiff's counsel, and her answer thereto. The record discloses not only the question and answer but also the colloquy which accompanied the same, and is as follows:

"Q. On the date that this note in suit was given what property did you or your husband own in Rockland?

"MR. INGRAHAM: I object.

"MR. TIRRELL, JR.: They set out in their defense that this was an accommodation note. I wish to show that the defendants had

no financial standing so that they could give an accommodation note that would be of any value to any body.

"MR. INGRAHAM: Whether that be true or not the testimony of our witness is that Mr. Berliawsky asked it and they complied with his request.

"THE COURT: She may answer this question."

Thereupon the witness answered that they had an interest in real estate on Park street, giving her opinion as to its value and the amount of incumbrances upon it.

In argument of this exception the defendants cite no authorities to sustain their contention, as matter of law, but claim that they were prejudiced because the admission of the testimony led the jury to infer that the defendants had no financial standing when such was not the case; also that the fact of the existence of a large mortgage on the real estate, taken alone, may have led the jury to a conclusion that was not warranted by all the facts, and led them to believe that the note of the defendants would be of no value in raising money. As to whether or not the defendants, by reason of their financial standing, could or could not lend value to the note as accommodation makers, was a question of fact for the jury to determine, open to testimony from both sides, and they were to determine the issue. We cannot say, as matter of law, that there was error in admitting the testimony and this exception must be overruled.

The second exception is the exclusion of a page from a loose-leaf account book alleged to have been kept by Marcia A. Burch, one of the defendants. She was permitted to refresh her recollection by referring to the account as to payments on the automobile, shown on this page of the book, but the book was excluded. The defendants admit, in argument, that the loose-leaf was an account of credits only, and not of charges, and that it would not be admissible under the "shop-book" rule. But they claim that it would corroborate the testimony of Mrs. Burch that certain payments by the defendants were on the automobile and not as interest on the note. Having been permitted to refresh her recollection by reference to this loose-leaf, the claim made that payments therein minuted were upon the automobile, was before the jury, and the defendants cannot now properly demand that an established rule governing the admission of shop books may be disregarded merely for the purpose of corroboration of a party to the suit. This exception must also be overruled.

The third and fourth exceptions relate to the exclusion of two stubs found in a check book which were in the hand-writing of Mr. Burch, who was not in court at the time of the trial, but evidently on a business trip to Florida. The checks could not be found but the plaintiff admitted that the defendants paid interest on the notes by check, and the defendants admit that these stubs showed payments of interest on the note. The exclusion of these stubs, even if admissible under some circumstances which we do not find applicable to the case at bar, was not prejudicial to the defendants and these two exceptions must be overruled.

THE MOTION.

The case involves primarily these issues of fact; first, whether or not the note in suit was an accommodation note; second, whether or not it had been paid by giving a renewal note. The note in suit was not produced at the trial and the evidence is practically conclusive that it was lost. Upon these issues, and others, some of which are collateral, the jury found for the plaintiff and, after careful examination of the record, we cannot say that having seen and heard the witnesses the jury was clearly wrong in its conclusions.

*Motion and exceptions overruled.*