WILLARD B. BRYNE *vs.* JAMES L. BRYNE ET AL.

Lincoln.     Opinion, January 20, 1938.

*Burleigh Martin,*
*Arthur A. Hebert,*
*James S. Ellis,* for plaintiff.
*McLean, Fogg & Southard,*
*Weston M. Hilton,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J.    Action of assumpsit on six promissory notes, of all of which the defendant, James L. Bryne, is maker and the plaintiff, Willard, his brother, payee. Upon the resting of the plaintiff's case (the defendants offering no testimony), the court ordered a verdict which besides the principal gave to the plaintiff interest only from the date of the writ. To the direction of this verdict the plaintiff excepted.

He filed three exceptions, the first two of which are not pressed, the exceptant stating in his brief:

"The only question presented to this Court is the ruling and the instructions by the Court in relation to the date from which the plaintiff is entitled to recover interest on the pleadings and the evidence."

Counsel for the defendants attacks the sufficiency of the exception. Omitting the formal parts, it reads:

"Third Exception: At the conclusion of the testimony the Presiding Justice directed the jury to return a verdict for the plaintiff for the amount of $2666.47 which included interest from the date of the writ; and instructed the jury as a matter of law that '. . . the plaintiff, under the evidence and the pleadings filed in this case, is entitled to recover interest on his notes only since the date of the writ which is November 10, 1936.'

"By which said rulings and instruction the plaintiff was and is now aggrieved, and having seasonably excepted, and having reduced his exceptions to writing, prays that the same may be allowed.

"The writ, pleadings, evidence, exhibits reported, and the charge of the Presiding Justice are made a part of this bill of exceptions."

It is fundamental that "an excepting party, if he would obtain any benefit from his exceptions, must set forth enough in the bill of exceptions to enable the Court to determine that the points raised are material and that the rulings excepted to are both erroneous and prejudicial. The bill of exceptions must show what the issue was, and how the excepting party was aggrieved." *Jones* v. *Jones et al.*, 101 Me., 447, 450, 64 A., 815, 817; *Feltis et al.* v. *Lincoln County*

*Power Co.*, 120 Me., 101, 102, 112 A., 906; *State of Maine* v. *Mooers*, 129 Me., 364, 369, 152 A., 265; *State of Maine* v. *Holland*, 125 Me., 526, 527, 134 A., 801.

The aggrievance must be shown affirmatively. It can not be left to inference. *State* v. *Wombolt et al.*, 126 Me., 351, 353, 138 A., 527; *Borders* v. *Boston & Maine R. R.*, 115 Me., 207, 208, 98 A., 662.

Exceptions lie to rulings upon questions of law only, and not to findings upon questions of fact. *Laroche* v. *Despeaux*, 90 Me., 178, 38 A., 100; *American Sardine Co.* v. *Olsen et al.*, 117 Me., 26, 29, 102 A., 797; *Bowman* v. *Geyer*, 127 Me., 351, 352, 143 A., 272; *Hurley* v. *Farnsworth, Admx.*, 115 Me., 321, 322, 98 A., 821.

The instant exception was taken to a ruling of the presiding Justice by which the jury was ordered to return a verdict for the plaintiff in a certain amount which did not include interest on the notes anterior to the date of the writ. The issue raised by this exception to the direction of the verdict is one of law, *Rhoda* v. *Drake Jr.*, 125 Me., 509, 131 A., 573; and all of the evidence by necessity becomes a part of the case, and this would be so even though it had not been mentioned in the bill of exceptions. *People's National Bank* v. *Nickerson*, 108 Me., 341, 343, 80 A., 849; *Williams* v. *Sweet*, 121 Me., 118, 119, 115 A., 895; *Brown* v. *Sanborn*, 131 Me., 53, 54, 158 A., 855.

The exactions of the law are satisfied by this exception in that it does set forth the issue, the claimed aggrievance, and enough to enable the Court to determine whether the point raised is material and the ruling excepted to erroneous and prejudicial.

For authority *Rose* v. *Parker*, 116 Me., 52, 99 A., 817, 818, is decisive on the question of the sufficiency of this exception. Therein a verdict was ordered for the plaintiff to which exceptions were taken. They are so brief that we quote them, omitting the formal parts:

"At the close of the evidence the presiding Justice directed a verdict for the plaintiff.

"The writ, the plea and all evidence is made a part of these exceptions.

"To all which rulings excepts and prays that his exceptions may be allowed."

It was held that while questions regarding the admission or exclusion of evidence were not open to the exceptant, "the order of Court directing a verdict" was before the court.

In directing this verdict, the Justice must have found that on the evidence with correct application of law thereto a different verdict from that ordered could not properly have been rendered by the jury and that, considering the evidence most favorably for the exceptant, it would not have warranted a verdict including the interest denied him. *Toole, Assignee.* v. *Bearce et al.*, 91 Me., 209, 214, 39 A., 558; *Colbath* v. *Stebbins Lumber Co.*, 127 Me., 406, 416, 144 A., 1; *Shaw* v. *Kroot*, 124 Me., 439, 440, 126 A., 922; *Shackford* v. *New England Tel. & Tel. Co.*, 112 Me., 204, 205, 91 A., 931.

To pass upon the correctness of this ruling, we are presented with all that the court below had before it, in spite of a contention of the defendants which will now be considered.

It is contended that the whole record is not before us because in the exception it is stated that "exhibits *reported*" are made a part of the bill. This, it is said, implies that not all of the exhibits are presented. While perhaps the language is a bit unfortunate, we think a fair construction of it would be that all of the exhibits were made a part of the bill. Anyway, that should be the presumption, even from the language used. As in *Toole, Assignee* v. *Bearce et al.*, supra, where the bill did not contain an affirmative statement that the exception to the instruction complained of was noted before the jury retired, the court held that it would be presumed that it was seasonably noted, so here a presumption that all material exhibits were included in the bill should obtain, where the Justice, whose ruling is under attack, has allowed the bill. Furthermore, as above noted, where the exception is to the direction of a verdict, all of the evidence becomes a part of the exceptions, even though not mentioned in the bill. There is no claim, as a matter of fact, that all of the exhibits are not now before this Court.

It now becomes necessary to determine whether the direction of this verdict constituted reversible error. The question presented was whether the plaintiff could recover any interest on the notes prior to the date of the writ and that depended upon whether any demand for their payment had been made before suit was brought.

Where no express reservation of interest is made in a demand note, it will not carry interest until demand. 8 C. J., Sec., 1426, page 1095; *Whitcomb et al.*, v. *Harris*, 90 Me., 206, 211, 38 A., 138; also see *Swett* v. *Hooper*, 62 Me., 54.

The commencement of suit constitutes demand. C. J. *supra*, same section.

That the defendant, James, gave the plaintiff these six notes, and that they were demand notes, without mention of interest, is conceded.

In 1919 the brothers were contractors, living in Massachusetts. Later James moved to this state. On May 2, 1919, the plaintiff loaned $2500 to him and took his witnessed note in that amount, payable on demand at any bank in Massachusetts.

On June 26, 1919, an additional loan of $500 was made and a like note taken, excepting that the place of payment was not stated.

From 1919 down to March 1, 1923, the plaintiff made twenty-seven additional loans to his brother not evidenced by notes. On the last named date, James, at the request of the plaintiff, visited him at his home in Massachusetts to the end that they might determine just how they stood financially. This they had no difficulty in doing and it was determined and agreed that including the two 1919 notes and the loans subsequently made James was indebted to the plaintiff in the sum of $7193. Of this amount the two 1919 notes evidenced $3000, the balance being in open account. The amount having been determined, four new demand notes were then given by James to the plaintiff, all dated March 1, 1923, three each in the sum of $1000 and the fourth $1193.

A careful examination of the record convinces us that the jury could not have properly found that any demand for payment was made by the plaintiff after the four new notes were given. It reveals that any demand, if one were made, was to pay that which the brothers had determined as the amount then due and this determination was made before the new notes were given.

Although the plaintiff had held the two 1919 notes for many years, he had never demanded payment nor attempted to collect interest. This was true also as to the loans thereafter made not evidenced by notes. Payments had been made but without exception were credited on the principal. Then the most commendable spirit

of friendship and helpfulness obtained between these brothers rather than that of a purely financial transaction between strangers. When the amount of indebtedness had been determined, James told the plaintiff he could not pay immediately and then it was that the arrangement was entered into, by which the two old notes were to stand and the four new notes be given. It is hardly conceivable that this plaintiff, feeling as friendly as he did toward his brother, would take demand notes without mention of interest and then immediately demand payment in order to get interest. Nowhere in the record is there any evidence that the matter of interest as such was ever mentioned between the two brothers. If the plaintiff had desired to have these notes bear interest from their date, the natural thing would have been to have had them made payable with interest. That was not done. To argue that the new notes were written without interest solely to evidence a settlement but that all the time there was an intent to demand payment forthwith so as to be able to collect interest would make a trickster of the plaintiff.

While it might be true that the demand for payment of the $7193, before the giving of the four new notes, would have been sufficient to cause interest to run on the old notes, yet later, when the new arrangement was entered into whereby the old notes were to stand and the new notes to be given, that constituted a waiver of the previous demand as to the old notes. Consequently, interest could be reckoned only from the date of the writ.

*Exceptions overruled.*