STATE OF MAINE *vs.* JOSEPH L. DOW.

Cumberland.    Opinion April 13, 1923.

*Exceptions must be overruled unless the excepting party sustains the inevitable burden of showing that he was prejudiced by the ruling to which exceptions were taken.*

In the instant case, an indictment for liquor nuisance, a witness for the State having testified to making purchases from respondent, was asked on cross-examination whether any threats or promises were made to him in the County Attorney's office prior to the trial, which was excluded and the respondent excepted.

The witness testified on direct examination to what he said was the full and complete conversation in the County Attorney's office and that contained neither threat nor promise. The fair inference therefore is that none was made and the exclusion may be deemed harmless.

Further, the defendant has not shown that he was prejudiced by the exclusion.

On exceptions. The respondent was found guilty on an indictment for a liquor nuisance. During the trial the presiding Justice excluded certain questions propounded to a witness on cross-examination, and respondent excepted, and also excepted to a refusal of the presiding Justice to give a requested instruction. Exceptions overruled. Judgment for the State.

The case is fully stated in the opinion.

*Clement F. Robinson, County Attorney and Ralph M. Ingalls, Assistant County Attorney,* for the State.

*Henry Cleaves Sullivan and Francis W. Sullivan,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J. Indictment against respondent for a liquor nuisance. Verdict guilty.

During the course of the trial a witness for the State testified that he had made purchases of cider vinegar from the respondent during

the period alleged in the indictment. On cross-examination this witness testified that he had had two conversations in the County Attorney's office the morning before the trial relative to the case. He was then asked by respondent's counsel whether or not any threats were made to him about the story he told there. This was excluded. He was then asked if any promises were made to him in the County Attorney's office if he would tell the story he had told in court. This also was excluded. To these two rulings exceptions were duly taken by the respondent and these are the only exceptions pressed before the Law Court.

They cannot be sustained, and for two reasons. In the first place the case shows that the witness testified as to the full conversation in the County Attorney s office on both occasions, stating that he told a full and complete story the first time he was there, and the second time just the same. The fair inference would seem to be that if the witness gave all the conversation that took place in the office and that conversation as stated contained no threat or promise, none was made. Therefore the exclusion of the direct question may well be deemed harmless.

In the second place and more effective is the reason that the respondent has not shown that he was prejudiced by the exclusion. The excepting party always has that burden. It is not enough to show that a technically admissible question was excluded, but he must go farther and show affirmatively that he was prejudiced by such exclusion. It must appear in the bill of exceptions or in the record that the answer would have been in the respondent's favor, otherwise no harm could have been done. Had this question been allowed by the presiding Justice and the witness had answered that neither threat nor promise was made, the respondent would gain no advantage. Quite the reverse. What the answers would have been in this case does not appear, and no one has a right to guess. There is not even a claim that they would have sustained the respondent's contention. He rests his whole argument on the exclusion of an admissible question, and stops there. That alone cannot be a ground for reversal.

*Exceptions overruled.*
*Judgment for the State.*