STATE *vs.* TIMOTHY WOMBOLT, ET ALS.

Penobscot.    Opinion September 3, 1927.

*Evidence that a witness in a trial before a traverse jury testified differently before the grand jury is alway admissible.*

*A bill of exceptions must show affirmatively that the party excepting was aggrieved, and where the exception was to the exclusion of evidence, the bill of exceptions should show what the evidence was which was excluded.    It cannot be left to inference.*

In the instant case neither respondent could have been prejudiced by the exclusion of the indictment in the other proceedings, as all the facts it was offered to prove were already before the jury.

On exceptions.   Respondents were indicted for maintaining a common nuisance and at the trial certain evidence was excluded to which respondents excepted.   Exceptions overruled.   Judgment for the state.

The case appears in the opinion.

*George F. Eaton, County Attorney,* for the State.

*George E. Thompson and Michael Pilot,* for respondents.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, JJ.

WILSON, C. J.   The respondent Timothy Wombolt and his two sons, William and Leo Wombolt, were jointly indicted at the May Term, 1926 of the Superior Court for Penobscot county for keeping and maintaining a common nuisance.   Leo Wombolt pleaded guilty at the May Term, and Timothy and William were tried at the September Term 1926 and found guilty by a jury.

The evidence disclosed that Timothy leased the premises described in the indictment, and kept a restaurant and sold soft beers.   There was sufficient evidence to warrant the jury in finding that the two

sons assisted him in running the restaurant. Evidence was also offered by the state of intoxicating liquor purchased of one or the other of the respondents, of men seen in the place under the influence of liquor, and that the father acted as a "watcher" to warn of the coming officers, and of officers finding in the rear of the premises at the end of a path or tracks in the snow, leading from a door of the respondent's restaurant to some steps, and underneath the steps, a milk can and bottles similar to cans and bottles seen in the restaurant and containing alcohol, as well as other evidence by the officers from which the jury was warranted in finding that illegal traffic in intoxicating liquors was also carried on in the premises described in the indictment.

In the course of the trial, a witness, LaHay, employed by the enforcement officers to obtain evidence against the respondents, testified that on one occasion he purchased a drink of one of the respondents, and in January, 1926, he purchased a gallon of alcohol of the respondent William Wombolt.

In defense the respondents introduced in evidence the testimony of a former county attorney that upon the evidence of LaHay and an enforcement officer before the grand jury in May 1926 Leo Wombolt was indicted for a single sale of a gallon of alcohol.

The former county attorney was also inquired of as to whether any evidence of a sale of a gallon of alcohol in January, 1926 was presented before the grand jury at the May Term against William Wombolt and whether any indictment was found at the May Term against William Wombolt for the sale of a gallon of alcohol in January, 1926, which was excluded. Counsel for the defense also called the clerk of courts, who produced an indictment found at the May Term, 1926 charging Leo Wombolt with the sale of a gallon of alcohol in January, 1926, which was excluded.

To the exclusion of the indictment against Leo Wombolt and the evidence of the former county attorney that no evidence was presented to the grand jury or any indictment found against William Wombolt for a sale of a gallon of alcohol in January, 1926 the respondents excepted on the ground that it should have been received to impeach the testimony of LaHay in the case at bar, that in January, 1926, he purchased a gallon of alcohol of William Wombolt.

No doubt, as the Court below ruled, testimony to the effect that LaHay testified differently before the grand jury than before the traverse jury was admissible. But an indictment found, as the one offered in evidence appears to have been, upon the evidence of at least two witnesses, especially in view of the broad provisions of section 22, chapter 127 R. S. has but little probative force to impeach a witness who testified, when first inquired of whom he purchased the liquor: "I think I bought it of A", who was not the person indicted by the grand jury for the sale upon his testimony and that of an officer. However, in view of the admitted testimony of the former county attorney that an indictment was found against Leo Wombolt by the grand jury at the May Term upon the testimony of LaHay and the officer for the sale of a gallon of alcohol by Leo Wombolt to LaHay and the testimony in the case that only one purchase of that quantity was made by LaHay of either of the respondents, it is hardly conceivable that the exclusion of the indictment itself, even if admissible, could have prejudiced the respondents.

Neither does it appear from the bill of exceptions that the respondents were aggrieved by the refusal to permit the former county attorney to answer the questions whether any indictment was found by the grand jury against William Wombolt for a sale of a gallon of alcohol in January, 1926, or whether any evidence was presented to the grand jury of such a sale, as it does nor appear from the bill of exceptions what the witness' answer to such questions would have been. The excepting party must affirmatively show by his bill of exceptions that he was aggrieved by the Court's ruling. It can not be left to inference. *State* v. *Dow*, 122 Me. 448.

> *Exceptions overruled.*
> *Judgment for the State.*