AMEDEE KIROUAC

*vs.*

THE ANDROSCOGGIN AND KENNEBEC-RAILWAY CO.

Androscoggin.     Opinion March 23, 1931.

*Brann & Isaacson*, for plaintiff.
*W. B. & H. N. Skelton*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J.   This suit was brought to recover for personal injuries, and after a verdict for the plaintiff is before this court on the defendant's motion for a new trial.

The plaintiff was a passenger in a Ford truck owned by him but driven by his son, who was his agent in so doing. They were proceeding northerly on Russell Street Extension, a private way in the City of Lewiston, which, after making a wide loop, enters Sabattus Street, a main highway, almost at a right angle. On the southerly side of Sabattus Street, and close to its junction point with such private way, is the street railway track of the defendant. Russell Street Extension, as it enters the highway, was on the day of the accident practically level. Both father and son were well acquainted with this neighborhood, and had used this road a number of times. As they approached Sabattus Street their view on the right was obstructed by two houses, but it is conceded that, from a point thirty-three feet from the car track, they had an unobstructed view of the track easterly for nine hundred feet. The testimony of the plaintiff is that, as they came out by the first house and when about twenty feet from the track, he saw the street car of the defendant about four hundred feet away, coming on his right from the east at a fast rate, that he shouted to his son to stop, who put on his brakes and stalled his engine, that the truck in that condition slid on the ice and snow and finally stopped on the car track. Both father and son assert that at this time the street car was at the third post from them, a distance of one hundred and seventy-one feet, that while the boy was ineffectually trying to start his motor, they were struck by the oncoming car and carried in their truck down the track a distance subsequently determined as eighty-two feet from the point of the collision. The two occupants of the truck were corroborated to some extent by Jeannette Lessard, a passenger on the car, although her testimony is not altogether con-

vincing. The evidence of the motorman and of three passengers in the street car is to the effect that the plaintiff's truck had not stopped on the track for any appreciable time prior to the collision, but was in fact moving at the time of the contact or immediately prior thereto. This conflicting evidence raises a clear issue of fact, the determination of which was within the province of the jury.

The driver of the truck was clearly negligent. He approached a crossing, over which he had passed many times before, and he did so without even looking for electric cars and with his car under imperfect control. It is contended, however, that the plaintiff is still entitled to recover in spite of such negligence of his agent, because it is claimed that, after the truck had stopped on the track with its engine stalled, the motorman had ample time to have stopped his car, and thus might have avoided the consequences of the negligent act of the truck driver. This is the only issue in the case which we intend to discuss, because there is evidence of the negligence of the motorman clearly sufficient to justify the jury's finding of his want of due care.

The question is whether the operator of the trolley car or of the truck had the "last clear chance" to have avoided the accident. The plaintiff may still recover in spite of his agent's negligence, if there came a time prior to the collision, when his driver could not, and the defendant's motorman could, by the exercise of due care, have prevented the accident. *Atwood* v. *Bangor, Orono & Old Town Railway Co.*, 91 Me., 399; *Dyer* v. *Cumberland County Power & Light Co.*, 120 Me., 411. If the negligent operation of the truck continued to the moment of the collision, or for such a period of time that the motorman could not thereafter by the exercise of due care have stopped his car before the crash, there can be no recovery. *Butler* v. *Rockland, Thomaston & Camden Railway Co.*, 99 Me., 149.

If we accept the plaintiff's version of what happened, it may well be true that his son, after the truck had stopped on the track or even after it had started to slide on the icy ground, was powerless to have prevented the accident. Whether or not the motorman could by the exercise of due care have brought his car to a stop,

after he should have realized the perilous situation of the plaintiff, is a matter not free from doubt. Assuming that the jury accepted the plaintiff's version of the occurrence, the truck came to rest on the track when the street car was at the third post easterly from the crossing, a distance of one hundred and seventy-one feet. The motorman testified that at the speed he was going, he could have stopped his car within two or two and a half car lengths or within a distance of ninety-six or one hundred and twenty feet. At his outside estimate this would be at a point at least fifty feet from the truck. Whether the plaintiff's truck did stop on the track with its engine stalled, when the street car was at the third post, whether the motorman had a sufficient interval of time to have realized the danger, and whether thereafter he used due care to stop his car were, we think, questions for the jury.

Counsel for the defendant raises an interesting point. He contends that the issue, whether the motorman had the last clear chance to prevent the accident, must be determined in the light of the conditions existing at the time when he discovered or should have discovered the plaintiff's dangerous situation on the track. In other words, his excessive speed at the time of such discovery might have been the very reason why he could not have stopped, and the defendant would thereby be in a better position to defend this action, than if the trolley car had been travelling more slowly. The view which we have taken — that the jury may have been warranted in finding that the motorman could have stopped his car in time — renders it unnecessary that we discuss this question.

Though this court might reach a different conclusion on all the evidence, the jury are the triers of fact. They heard and saw the witnesses, and were more competent to determine their credibility and to weigh their testimony than we here with nothing but the printed record before us. The issue raised by this motion is whether the jury's verdict is manifestly wrong, or the result of bias or prejudice. *Sawyer* v. *Hopkins*, 22 Me., 268, 284; *Glidden* v. *Dunlap*, 28 Me., 379, 382; *Hatch* v. *Dutch*, 113 Me., 405, 411. We can not so hold.

*Motion overruled.*