JENNIE M. JORDAN, ADMRX. ESTATE OF ROY E. JORDAN, JR.

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Penobscot.   Opinion, July 25, 1942.

*Stern & Stern,* for the plaintiff.

*Perkins, Weeks & Hutchins,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, JJ.

THAXTER, J. This is an action brought by the plaintiff as administratrix of the estate of Roy E. Jordan, Jr., a minor of the age of nineteen, to recover damages for his instantaneous death caused, as is alleged, by the negligence of the defendant. The defendant pleaded the general issue with a brief statement setting up the negligence of the deceased as the cause of the accident. At the conclusion of the testimony for the plaintiff the defense rested without offering any evidence and moved for a directed verdict. The presiding justice ruled that there was not sufficient evidence to warrant submission of the case to the jury and directed a verdict for the defendant. The case is before us on the plaintiff's exceptions to these rulings.

The issue presented is a narrow one involving solely the application of the "last clear chance" doctrine, for the plaintiff concedes that the deceased was himself negligent.

The law governing this question has been set forth in a number of cases in this jurisdiction and there seems to be no need for further extended discussion of it. *O'Brien* v. *McGlinchey,* 68 Me., 552; *Atwood* v. *Bangor, Orono & Old Town Railway Co.,* 91 Me., 399, 40 A., 67; *Butler* v. *Rockland, Thomaston & Camden Street Railway Co.,* 99 Me., 149, 58 A., 775, 105 Am. St. Rep., 267; *Kirouac* v. *The Androscoggin & Kennebec R'y Co.,* 130 Me., 147, 154 A., 81; *Collins* v. *Maine Central Railroad Co.,* 136 Me., 149, 4 A. (2d), 100. In the *Kirouac* case which involved, as does the instant case, a collision on a grade crossing, the rule was expressed as follows: "The plaintiff may

still recover in spite of his agent's negligence, if there came a time prior to the collision, when his driver could not, and the defendant's motorman could, by the exercise of due care, have prevented the accident. *Atwood* v. *Bangor, Orono & Old Town Railway Co.*, 91 Me., 399, 40 A., 67; *Dyer* v. *Cumberland County Power & Light Co.*, 120 Me., 411, 115 A., 194." "If the negligent operation of the truck continued to the moment of the collision, or for such a period of time that the motorman could not thereafter by the exercise of due care have stopped his car before the crash, there can be no recovery. *Butler* v. *Rockland, Thomaston & Camden Railway Co.*, 99 Me., 149, 58 A., 775." The *Collins* case involved also a collision on a grade crossing and the opinion, discussing fully the rule of law now before us, reaffirms the principle laid down in the *Kirouac* case.

The real difficulty comes not so much with the rule as with its application. In the instant case there is no dispute as to what happened, although we feel that varying inferences could permissibly have been drawn from the uncontroverted facts. The case really hinges on the testimony of the fireman of the defendant's train. This train proceeding easterly toward Bangor at a speed of forty to forty-five miles per hour was approaching the Odlin Road crossing near Bangor. It was 11:28 A.M. on a bright, cold, winter's day. The plaintiff's intestate was driving a light truck southerly along the Odlin Road toward the railroad crossing at a high rate of speed estimated at from fifty-five to sixty miles per hour. In spite of the fact that the engineer of the train commenced whistling for the crossing when about a thousand feet away and continued whistling until almost the moment of the collision, the driver of the truck appeared oblivious to the oncoming train until he was about five hundred feet from the crossing. At this time the train was approximately the same distance away. The fireman is apparently the only person who saw the accident and the only one who has any direct knowledge of what happened immediately preceding it. According to his testimony, as the

train approached the crossing he was at his station on the left of the engine cab and was able to see the stretch of the Odlin Road on his side for a considerable distance. The road was snowy and icy. His attention was called to the truck when it was about a quarter of a mile from the crossing. It was travelling at a high rate of speed and he continued to watch it. When it was about five hundred feet from the crossing, the driver applied his brakes and the snow commenced to fly. When it was within a hundred and fifty feet of the crossing and the train was about an equal distance away, the fireman called to the engineer, who from his position was unable to see the truck, to "plug her." The emergency brakes were promptly applied and the train was brought to a stop within six or seven hundred feet. The locomotive struck the truck with great force and completely demolished it.

In determining the issue now before us, the evidence and inferences therefore must be considered in the light most favorable to the plaintiff. *Shackford* v. *New England Tel. & Tel. Co.*, 112 Me., 204, 91 A., 931. The question is not how we might decide the case but only whether the jury, if the issue had been left to them, "could properly have found for the plaintiff." *Johnson* v. *New York, New Haven & Hartford Railroad*, 111 Me., 263-265, 88 A., 988, 989; *Barrett* v. *Greenall*, 139 Me., 75, 27 A. (2d), 599.

Negligence of the defendant can be based only on the theory that the truck was out of control as it approached the crossing and that this fact was either known or should have been known to the fireman who could have reported it to the engineer in sufficient time so that the train could either have been stopped before the impact or slowed down sufficiently to permit the truck to pass over the track in safety. The case is, we think, governed by the rule laid down in the *Kirouac* and the *Collins* cases, *supra*. The assumption in the *Kirouac* case was that the truck was stalled on the track of the defendant and that the plaintiff's driver could not extricate it. Whether the vehicle is stopped or moving is not, however, the deciding factor. The

question is whether it is beyond the power of the operator to control it so as to avoid the accident. In the *Kirouac* case it is said at page 149 of 130 Me., page 82 of 154 A.: "If we accept the plaintiff's version of what happened, it may well be true that his son, after the truck had stopped on the track or even after it had started to slide on the icy ground, was powerless to have prevented the accident."

We feel that in the case now before us it was a question for the jury to determine whether the truck in question was in fact out of control as it approached the crossing, whether the fireman knew or should have known of this fact, whether he was negligent in not notifying the engineer at once, and whether, if such notification had been given, the train could have been stopped before reaching the crossing, or at least slowed down sufficiently so that the accident would have been avoided.

*Exceptions sustained.*